# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shmeka Michelle Grant, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 0:14-577-RMG |
| vs. ) | |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | |
| of Social Security, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff has brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on February 17, 2015, recommending that the Commissioner's decision be reversed and remanded. (Dkt. No. 25). The Commissioner and the Plaintiff advised the Court that they would not file objections to the R & R. (Dkt. Nos. 27, 28). As set forth in more detail below, the Court reverses the decision of the Commissioner because the agency failed to adhere to the standards of the Treating Physician Rule and to comply with the requirements of *Meyer v. Astrue*, 662 F.3d 700 (4th Cir. 2011) to weigh and reconcile new and material evidence offered for the first time to the Appeals Council.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation

has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

Under the regulations of the Social Security Administration, the Commissioner is obligated to consider all medical evidence and the opinions of medical sources, including treating physicians. 20 C.F.R. § 404.1527(b). This includes the duty to "evaluate every medical opinion we receive." *Id.* § 404.1527(c). Special consideration is to be given to the opinions of treating

physicians of the claimant, based on the view that "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 404.1527(c)(2). Under some circumstances, the opinions of the treating physicians are to be accorded controlling weight. Even where the opinions of the treating physicians of the claimant are not accorded controlling weight, the Commissioner is obligated to weigh those opinions in light of a broad range of factors, including the examining relationship, the treatment relationship, length of treatment, nature and extent of the treatment relationship, supportability of the opinions in the medical record, consistency, and whether the treating physician was a specialist. *Id.* §§ 404.1527(c)(1)-(5). The Commissioner is obligated to weigh the findings and opinions of treating physicians and to give "good reasons" in the written decision for the weight given to a treating source's opinions. SSR 96-2P, 61 Fed. Reg. 34490, 34492 (July 2, 1996).

A claimant may offer relevant evidence to support his or her disability claim throughout the administrative process. Even after the Administrative Law Judge ("ALJ") renders a decision, a claimant who has sought review from the Appeals Council may submit new and material evidence to the Appeals Council as part of the process for requesting review of an adverse ALJ decision. 20 C.F.R. §§ 404.968, 404.970(b). The new evidence offered to the Appeals Council is then made part of the record. The Social Security Regulations do not require the Appeals Council expressly to weigh the newly produced evidence and reconcile it with previously produced conflicting evidence before the ALJ. Instead, the regulations require only that the

Appeals Council make a decision whether to review the case, and, if it chooses not to grant review, there is no express requirement that the Appeals Council weigh and reconcile the newly produced evidence. *Meyer v. Astrue*, 662 F.3d 700, 705-06 (4th Cir. 2011).

As the Fourth Circuit addressed in *Meyer*, the difficulty arises under this regulatory scheme on review by the courts where the newly produced evidence is made part of the record for purposes of substantial evidence review but the evidence has not been weighed by the fact finder or reconciled with other relevant evidence. *Meyer* held that as long as the newly presented evidence is uncontroverted in the record or all the evidence is "one-sided," a reviewing court has no difficulty determining whether there is substantial evidence to support the Commissioner's decision. *Id.* at 707. However, where the "other record evidence credited by the ALJ conflicts with the new evidence," there is a need to remand the matter to the fact finder to "reconcile that [new] evidence with the conflicting and supporting evidence in the record." *Id.* Remand is necessary because "[a]ssessing the probative value of the competing evidence is quintessentially the role of the fact finder." *Id.*

## Discussion

Plaintiff asserts that she is disabled under the Social Security Act because of a combination of impairments of sarcoidosis and obesity. The Administrative Law Judge ("ALJ") found that Plaintiff's sacroidosis and obesity were severe impairments that limited her to sedentary work. Transcript of Record ("Tr.") 16, 17. No treating physician provided a written opinion prior to the ALJ's decision, and the only treating medical source opinion offered was by a physician assistant. Tr. 301. Opinions were offered by two non-treating, non examining physicians concluding that Plaintiff was capable of performing light work, which included the

ability to lift 10 pounds frequently and 20 pounds occasionally and to stand or walk 6 hours in an 8 hour day. Tr. 84, 113-14. The ALJ, after considering Plaintiff's subjective complaints and testimony, rejected the opinions of the chart reviewers that Plaintiff was capable of performing light work and concluded that she was limited to performing only sedentary work. Tr. 21.

After the ALJ issued his order, Plaintiff submitted to the Appeals Counsel a questionnaire prepared by her treating specialist physician, Dr. John Rucker. A review of Dr. Rucker's credentials on the website of the South Carolina Board of Medical Examiners reveals that he is a triple board certified physician, with certifications in internal medicine, pulmonology and critical care medicine. Dr. Rucker's opinions on Plaintiff's impairments were significantly more restrictive than the chart reviewers, finding that Plaintiff could stand or walk no more than two hours a day and could not lift more than 5 pounds. Tr. 534-35.

The Appeals Council indicated that it had received and considered Dr. Rucker's opinions and that the new information " does not provide a basis for changing the Administrative Law Judge's decision." Tr. 2. There is no indication in the Appeals Council decision or elsewhere that any fact finder weighed Dr. Rucker's opinions in light of the Treating Physician Rule or any other standard, and there is no effort to reconcile Dr. Rucker's opinions with other conflicting medical evidence and opinions in the record credited by the ALJ.

Reversal and remand are obviously necessary so that a fact finder can weigh and reconcile the conflicting evidence and to weigh the newly produced evidence from Plaintiff's treating specialist physician under the standards of the Treating Physician Rule. This is not an academic exercise or empty ritual because the ALJ himself recognized with even the limited record before him that the chart reviewers overstated Plaintiff's capacity to work and that Plaintiff was

restricted to sedentary work. The addition of the opinions of Plaintiff's treating specialist physician, properly weighed under the standards of the Treating Physician Rule, may well tip the balance between disability and non-disability.

## Conclusion

Based upon the foregoing, the Court hereby **REVERSES** the decision of the Commissioner and **REMANDS** this matter for further proceedings consistent with this opinion pursuant to Sentence Four of 42 U.S.C. § 405(g).

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

March 9, 2015
Charleston, South Carolina